RECEIVED
SEP 19 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| HUSSEIN OSMAN ABDI,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:13-CV-0457 |
| VERSUS | |
| UNITED STATES OF AMERICA,<br>et al.,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

Report and Recommendation of Magistrate Judge

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Hussein Osman Abdi ("Abdi") on March 4, 2013 (Docs. 1, 4). Abdi is contesting his continued detention, while awaiting removal, by the Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security. Abdi contends he has been detained by ICE since October 28, 2012, that he is a native of Somalia, and that his final order of removal was reinstated on April 29, 2010. Abdi was placed on supervised released on July 28, 2010 and detained again on October 28, 2012. Abdi contends that ICE has not been able to procure travel documents for him due to the instability of and lack of cooperation by the Somali government, Somalia's instability is evidenced by the travel warnings issued by the U.S. State Department, and there is no significant likelihood that he will be removed to Somalia in the reasonably foreseeable future. For relief, Abdi asks to be

released from detention pending his removal from this country, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).[1] At the time of filing his petition, Abdi was detained in the LaSalle Detention Facility in Trout, Louisiana.

The Respondents oppose releasing Abdi (Doc. 14) and show, through an affidavit by Michael Nelson, Acting Assistant Field Office Director for the ICE facility at Gadsden, Alabama, that Abdi was taken back into custody on October 30, 2012 because he had been added to a Somalia deportation list, and that Abdi is on the list for removal to Somalia on an upcoming charter flight (Doc. 14, Ex. A). According to Assistant United States Attorney Courtney T.

---

[1] Although the INS has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that Section 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.  Pursuant to Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable." Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").
After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 121 S.Ct. at 2505. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505.

2

Joiner, Abdi "is scheduled to be removed within the next ninety days." Since Respondents' brief was filed on July 26, 2013, Abdi should, according to the Respondents, be removed before the end of October.

Since the Respondents have shown there is a significant likelihood that Abdi will be removed to Somalia in the reasonably foreseeable future, Abdi is not entitled to relief under <u>Zadvydas</u>.[2] Therefore, Abdi's habeas petition should be denied and dismissed with prejudice.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Abdi's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[2] If Abdi is not removed by the end of October, Abdi may file a new habeas petition.

FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of September 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE